DENNIS P. RIORDAN, Esq., No. 69320
DONALD M. HORGAN, Esq., No. 121547
MICHAEL S. ROMANO, Esq., No. 282182
523 Octavia Street
San Francisco, CA 94102
Telephone No. (415) 431-3472
Facsimile No. (415) 552-2703
Email: Dennis@Riordan-Horgan.com

Attorneys for Plaintiff
JOHN DOE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) |
| | ) **VERIFIED COMPLAINT** |
| v. | ) |
| EDMUND BROWN, Attorney General of California, in his official capacity, | ) |
| Defendant. | ) |

Plaintiff JOHN DOE hereby complains against Defendant as follows:

## INTRODUCTION

1.

Plaintiff contends that Defendant Edmund Brown ("Defendant"), in his official capacity as Attorney General of California, is violating the terms of a plea agreement that Plaintiff entered into over 15 years ago. In breaching the agreement, Defendant has violated, and continues to violate, Plaintiff's rights protected by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

2.

Over 15 years ago, JOHN DOE pled *nolo contendere* to a non-aggravated felony offense. As part of that agreement, JOHN DOE agreed to a "maximum penalty" and

Verified Complaint                    1

JOHN DOE served his sentence, received treatment, and has led a productive and law-abiding life. As a result, the charges against JOHN DOE were formally "dismissed" by a California Superior Court, pursuant to Cal. Penal Code § 1203.4. Nonetheless, JOHN DOE has continued to register as a sex offender in compliance with state law.[1]

3.

The terms of JOHN DOE's plea agreement are plain. JOHN DOE agreed to relinquish his right to a trial on the charges against him and plead guilty to one count of a non-aggravated felony offense. JOHN DOE also agreed that as a result of his plea he was subject to California's sex offender registration law, Cal. Penal Code § 290. At the time of the agreement, California law provided that JOHN DOE would be required to register in person with state authorities upon his release from custody and any time he moved his residence; he was not otherwise required to update his registration information. At the time of the agreement, California law also provided that all information collected under the state sex offender registration program would remain "confidential." This law is explicitly referenced in JOHN DOE's plea agreement and was agreed to by the parties as terms setting forth the "maximum penalty" Plaintiff faced as a result of his plea.

4.

JOHN DOE has carefully abided by the all terms of his plea agreement. He waived his right to a jury trial, served his sentence, and has registered as a sex offender. The People of the State of California have received their benefit of the plea bargain.

5.

Defendant, on the other hand, has plainly breached the terms of JOHN DOE's plea agreement. Due to amendments to California's sex offender registration law enacted long after the commission of JOHN DOE'S offense, and long after his plea agreement

---

[1] A complete description of JOHN DOE and his criminal history is submitted herewith under seal. (*See* Declaration of John Doe.)

Verified Complaint 2

was entered in Superior Court, Defendant now requires JOHN DOE to update his sex offender registration information annually, regardless of whether JOHN DOE has changed residences. Defendant has further breached the terms of JOHN DOE's plea agreement by publishing on a publicly available website the personal information JOHN DOE provides to authorities as a result of his registration obligation, including his photograph and current home address. (This information is not otherwise publicly available.) More specifically, Defendant has failed to comply with the confidentiality provision of the sex offender registration program agreed to by the parties at the time of JOHN DOE's plea. As discussed in the accompanying Memorandum of Points and Authorities filed herewith, Defendant is obligated to abide by the confidentiality provision and all other terms of JOHN DOE's plea agreement. Furthermore, JOHN DOE has a federal due process right to specific performance of the terms of his plea bargain.

6.

Because further disclosure of JOHN DOE's identity is unnecessary and would be unduly prejudicial, JOHN DOE proceeds in this Complaint under a pseudonym pursuant to *Doe I v. Otte*, 259 F.3d 979, 983 (9th Cir. 2001), reversed on other grounds, *Smith v. Doe*, 538 U.S. 84 (2003).

### IDENTIFICATION OF PARTIES

7.

Plaintiff JOHN DOE resides in the Northern District of California.

8.

Defendant EDMUND (JERRY) BROWN is the Attorney General of the State of California and is sued in his official capacity.

### JURISDICTION AND VENUE

9.

JOHN DOE resides within the Northern District of California. This Complaint

Verified Complaint                                         3

alleges violations of the United States Constitution and seeks prospective injunctive relief under 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is properly located with this court under 28 U.S.C. § 1391(b).

## FACTS GIVING RISE TO THIS COMPLAINT
## PLAINTIFF'S PLEA AGREEMENT

10.

JOHN DOE was convicted pursuant to a plea agreement with the People of the State of California in which he pled *nolo contendere* to a single count of a non-aggravated felony. JOHN DOE agreed to forego a trial and admitted factual allegations against him. Pursuant to the plea document, it was agreed that the "the maximum penalty . . . which could be imposed as a result of [the] plea" included, among other things, an obligation to register as a sex offender, pursuant to Cal. Penal Code § 290. (Declaration of John Doe, Exhibit A, ¶ 10 (filed under seal).) JOHN DOE and his attorney initialed the paragraph indicating the registration obligation. The document was executed with the signatures of JOHN DOE, his attorney, the Deputy District Attorney prosecuting the case, and the California Superior Court Judge who accepted the plea. (*Id.*)

11.

Pursuant to state and federal law, JOHN DOE entered his plea agreement with the understanding that he would be forced to abide by Cal. Penal Code § 290 as it existed at the time of his plea. At the time that JOHN DOE's plea was entered and accepted by the Superior Court, Cal. Penal Code § 290 contained the following relevant provisions:

- **Subsection (a):** "Any person who . . . has been . . . convicted in this state [of certain criminal offenses] . . . shall, within . . . 14 days of coming into any county or city, or city and county in which he or she temporarily resides or is domiciled for that length of time register with the chief of police of the city in which he or she is domiciled[.]"

Verified Complaint                                           4

- **Subsection (e):** "The registration shall consist of (1) a statement in writing signed by the person, giving such information as may be required by the Department of Justice, and (2) the fingerprints and photograph of the person."
- **Subsection (f):** "If any person required to register pursuant to this section changes his or her residence address, the person shall inform, in writing within 10 days, the law enforcement agency or agencies with whom he or she last registered of the new address."

- **Subsection (g):** "Any person required to register under this section who violates any of its provisions is guilty of a misdemeanor."

- **Subsection (i):** "The statements, photographs, and fingerprints herein required shall not be open to inspection by the public or by any person other than a regularly employed peace or other law enforcement officer."

12.

JOHN DOE has carefully complied with all the terms of his plea agreement. He voluntarily gave up his right to a jury trial on the charges against him and, in return, the People of the State of California agreed to a certain "maximum punishment" that could be imposed as a result of his plea. JOHN DOE served his sentence and successfully completed his term of supervised probation. He has been a successful and contributing member of his community since his conviction. He has also carefully fulfilled his obligation to register as a sex offender.

13.

Defendant, on the other hand, has violated—and continues to violate—the plain terms of JOHN DOE's plea agreement by enforcing a number of amendments to California's sex offender registration program enacted after JOHN DOE's plea agreement, in particular:

- On September 24, 2004, the Governor of California signed into law Assembly Bill 488, enacting Cal. Penal Code § 290.46, known as "Megan's Law." This law directed the Office of the Attorney General to establish and maintain an Internet Web site accessible to the public for distributing information concerning people convicted of specified offences, including the offense to which JOHN DOE pled *nolo contendere*. The "Megan's Law" website maintained by Defendant (www.meganslaw.ca.gov) publishes the name, date of birth, home address,

Verified Complaint                                             5

physical description, gender, race, photograph, and record of conviction of persons required to register as sex offenders in California, including JOHN DOE.

- On September 26, 1994, the Governor of California signed into law two additional amendments to California's sex offender registration laws. First, Penal Code § 290, subsection (a), was amended to require that any person who registers as a sex offender in California update his or her registration with state officials annually, with ten (10) days of the registrant's birthday. (Previous law required that sex offenders update registration information only upon changing residences.) Second, Penal Code § 290, subsection (i) was amended to provide that sex offender registration information would no longer be kept confidential and would be made available to the public.

- On September 25, 1996, the Governor of California signed into law Assembly Bill 1378, requiring that sex offenders update their registration information within five (5) days of his or her birthday, rather than within ten (10) days.

14.

Soon after the "Megan's Law" website became operational, JOHN DOE petitioned to have his registration information removed from the website. Defendant's predecessor, former Attorney General Bill Lockyer, initially granted JOHN DOE's petition. However that reprieve was only temporary. JOHN DOE's petition was subsequently rejected. The information that JOHN DOE provides to state officials as part of his obligation under his plea agreement is currently published on the website maintained by Defendant. Defendant is therefore in breach of the terms of JOHN DOE's plea agreement, which plainly provided that JOHN DOE's registration information would remain confidential.

15.

The provisions of Cal. Penal Code § 290 in effect at the time of JOHN DOE's plea agreement provided significant benefits and safeguards, which JOHN DOE considered extremely important at the time of his plea. Those safeguards literally protected his safety (and the well being of his family) by keeping his home address and photograph confidential. The terms of JOHN DOE's plea also limited the number of

Verified Complaint                                6

times he was required to re-register as a sex offender with local authorities. These provisions were extremely important to JOHN DOE, and Defendant's failure to honor these terms is a significant breach of JOHN DOE's plea agreement. It is a significant financial, emotional, and time-consuming interference on JOHN DOE's personal and professional to update his registration information with state officials every year, regardless of whether he has changed his residence—without any reason to suspect that JOHN DOE poses a risk to his community. Furthermore, public distribution of JOHN DOE's confidential sex offender registration information over the internet has resulted in significant economic and emotional damage to JOHN DOE and his family. (*See* Declaration of John Doe (filed under seal).)

### CLAIM FOR RELIEF

16.

JOHN DOE hereby re-alleges and incorporates the preceding paragraphs into this first cause of action and alleges further:

17.

JOHN DOE agreed to register as a sex offender under the plain terms of his plea agreement. The plea agreement invoked Cal. Penal Code § 290, which provided the terms of JOHN DOE's registration obligation. The parties agreed that these were the terms of JOHN DOE's registration obligation. At the time of JOHN DOE's plea, Penal Code § 290 provided that JOHN DOE was required to register only once with state officials, unless he changed his residence, in which case he would update his registration information with his new address. He was not required to update his registration annually. At the time of JOHN DOE's plea, Penal Code § 290 also provided that the information that JOHN DOE provided to authorities as a result of his registration obligation, including his photograph and home address, would remain confidential. At the time of JOHN DOE's plea, no one could possibly have imagined that JOHN DOE's confidential registration information could be distributed to almost every computer in the

Verified Complaint                                7

world, instantaneously. Nor could Defendant have imagined that he would be required to re-register with authorities every year, even if he did not change his home address. Defendant has breached the terms of JOHN DOE's plea agreement—and continues to do so—by requiring that JOHN DOE update his registration annually and by failing to keep JOHN DOE's registration information confidential.

18.

Defendant is therefore violating JOHN DOE's federal Due Process rights protected by the Fourteenth Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

In light of the violations of his constitutional rights, JOHN DOE seeks the following relief:

(1) A permanent injunction providing for specific performance of JOHN DOE's plea agreement, including enforcement of the penalties and obligations that the parties agreed to at the time of the plea. In particular, JOHN DOE seeks an order (a) barring enforcement of any requirement that JOHN DOE update his registration annually (unless he changes his residence) and (b) barring Defendant from publicly disclosing, in any form, JOHN DOE's confidential sex offender registration information.

(2) Attorneys fees and costs.

(3) Any other relief deemed appropriate by this Court.

Dated: July 9, 07

Respectfully Submitted,

Dennis P. Riordan
Donald M. Horgan
Michael S. Romano

RIORDAN & HORGAN

By _____
Dennis P. Riordan
Counsel for Plaintiff

Verified Complaint                                      8

## VERIFICATION

I, Dennis P. Riordan, hereby declare as follows:

I am lead counsel in this matter and represent the Plaintiff known as "John Doe." I declare based on personal knowledge that the Complaint is true and correct.

Executed, on July 9, 2007, in San Francisco, California.

*[signature]*

DENNIS P. RIORDAN
Attorney for Plaintiff