DENNIS P. RIORDAN, Esq., No. 69320
DONALD M. HORGAN, Esq., No. 121547
MICHAEL S. ROMANO, Esq., No. 282182
523 Octavia Street
San Francisco, CA 94102
Telephone No. (415) 431-3472
Facsimile No. (415) 552-2703
Email: Dennis@Riordan-Horgan.com

Attorneys for Plaintiff
JOHN DOE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>       Plaintiff,<br><br>       v.<br><br>EDMUND BROWN,<br>Attorney General of California,<br>in his official capacity,<br><br>       Defendant. | No. C 07 3585 JL |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Plaintiff's Opposition To Motion To Dismiss

# ARGUMENT

## I. DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED

Defendant Edmund Brown, the Attorney General of California, advances five reasons why Plaintiff's Complaint should be dismissed under Fed. R. Civ. Pro. 12(b)(6). (Defendant's Motion to Dismiss Complaint; Memorandum of Points and Authorities (hereafter "Def.'s Motion").) In so doing, Brown relies on irrelevant legal authority; misstates California statutes, quotes case law out of context; misconstrues the plain terms of Plaintiff's plea agreement; and contests Plaintiff's factual allegations, contrary to the most basic rules governing Rule 12(b)(6). It follows that Defendant's Motion to Dismiss must be denied.

### A. Standard of Review

"It is axiomatic that [a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *McDougal v. County of Imperial*, 942 F.2d 668, 676 (9th Cir. 1991) (citation and quotation marks omitted). In resolving Defendant's motion, this Court must (1) "accept all allegations of material fact in the complaint as true;" (2) "construe [all facts] in the light most favorable to [Plaintiff];" and (3) "may not dismiss the complaint unless [Plaintiff] cannot prove *any set of facts* in support of [his] claim that would entitle [him] to relief." *Diaz v. International Longshore and Warehouse Union Local, 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (emphasis added).

### B. Defendant Relies On Irrelevant Law

Brown first claims that Plaintiff's Complaint should be dismissed because other courts have upheld sex offender registration requirements against various constitutional challenges. (Def.'s Motion at 4-6 (citing *Smith v. Doe*, 538 U.S. 84 (2003) (Ex Post Facto Clause); *Hatton v. Bonner*, 356 F.3d 955 (9th Cir. 2003) (Ex Post Facto Clause);

*Russell v. Gregoire*, 124 F.3d 1094 (9th Cir. 1997) (constitutional "right to privacy"); *In re Alva*, 33 Cal. 4th 254 (2004) (Eighth Amendment); *People v. Castellanos*, 21 Cal. 4th 785, 788 (1999) (Ex Post Facto Clause).) Defendant also relies on *People v. Gipson*, 117 Cal. App. 4th 1065 (2004), which holds that retroactive application of California sentencing laws does not violate the prohibition on the "impairment of contracts" in the United States and California constitutions. (Def.'s Motion at 6.)

Plainly, these cases have upheld enforcement of various sex offender registration laws throughout the country against certain constitutional challenges, yet none is remotely relevant here. None of the cases cited by Brown addresses Plaintiff's clearly established right to enforcement of his plea agreement under the Due Process Clause. *See Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (*en banc*) ("[A] criminal defendant has a due process right to enforce the terms of his plea agreement.") (citing *Santobello v. New York*, 404 U.S. 257 (1971)); *Brown v. Poole,* 337 F.3d 1155, 1159 (9th Cir. 2003); *see also People v. Mancheno*, 32 Cal.3d 855, 860 (1982) ("[D]ue process applies not only to the procedure of accepting the plea, but . . . also to implementation of the bargain itself.") (citation omitted).

Indeed, the only case to squarely address the question presented here—whether the Due Process Clause prohibits retroactive enforcement of new sex offender regulations that contravene the terms of an earlier plea agreement—clearly holds that when the plea rests in "any" significant degree on an agreed upon term in the plea bargain, due process requires that the plea terms "must be fulfilled." *People v. Arata*, 151 Cal. App. 4th 778, 786 (2007) (quotation marks and citation omitted). Here, Plaintiff has clearly alleged that the confidentiality and registration rules in effect at the time of his plea where important to his decision to forego his right to trial and plea *nolo contendere*. (Complaint

Plaintiff's Opposition To Motion To Dismiss     2

at ¶ 15.) In *Arata*, the California Court of Appeal held that new sex offender registration laws enacted after the defendant had pled guilty could not be enforced because, as here, the defendant in entering his plea had relied in significant degree on the sex offender registration laws as they existed at the time of the plea. 151 Cal. App. 4th at 786. The case is recently decided, directly on point, and wholly vindicates Plaintiff's claim.

### C. Defendant Quotes California Case Law Out Of Context And Misstates Rules Governing Interpretation Of Contracts

Defendant also contends that Plaintiff is not entitled to enforcement of the sex offender registration laws in effect at the time of his plea because, under *People v. Gipson*, 117 Cal. App. 4th 1065 (2004), plea agreements are "deemed to incorporate and contemplate existing law [and] the reserve power of the state to amend the law" at any time. (Def.'s Motion at 6.)

Defendant's reliance on *Gipson* is entirely misplaced. First of all, Brown quotes *Gipson* out of context. *Gipson* involves a claim under the "impairment of contracts" clauses of the state and federal constitutions. *Gipson*, 117 Cal. App. 4th at 1070 ("Therefore, [the] contract clause challenge fails.") As emphasized above, Plaintiff's sole cause of action alleges a violation of the Due Process Clause, not the Contracts Clause. (Complaint at ¶¶ 16-18.)

The distinction between the Contracts Clause and Due Process Clause is relevant not only because Plaintiff alleges a violation of the former. (Complaint at ¶ 18.) The Contracts Clause generally applies to commercial contracts between private parties. *Energy Reserves Group, Inc. v. Kansas Power and Light Co.*, 459 U.S. 400, 413 n.14 (1983). Contracts Clause claims do not implicate fundamental liberty interests at issue in plea agreements, which unlike commercial contracts, are reviewed under the Due Process

Plaintiff's Opposition To Motion To Dismiss        3

Clause. *Buckley*, 441 F.3d at 694; *United States v. Transfiguration*, 442 F.3d 1222, 1229 (9th Cir. 2006) ("[Because] a defendant's liberty is at stake, the government is ordinarily held to the literal terms of the plea agreement it made.") Contracts Clause claims also involve a distinct multi-pronged analysis, which is not at issue here. *See Energy Reserves Group*, 459 U.S. 410-14.

Defendant's reliance on *Gipson* is also misplaced because *Gipson* involved a challenge to a penalty imposed for the commission of a new crime, not, as here, an increase in the burdens imposed on a party for the prior offense underlying the plea agreement in dispute. *See Gipson*, 117 Cal. App. 4th at 1070 ("The increased penalty in the current case had nothing to do with the previous case except that the existence of the previous case brought defendant within the description of persons eligible for a five-year enhancement for his prior conviction on charges brought and tried separately.") Unlike the defendant in *Gipson*, Plaintiff has committed no criminal activity since his conviction. He is challenging enforcement of a new rule enacted by the state of California long after the entry of his plea which imposes on Plaintiff enormous deleterious consequences solely due to the conviction secured by the plea agreement Doe is now seeking to enforce.

Finally, the rule recited by Brown—that contracts are deemed to incorporate and contemplate existing law and the reserve power of the state to amend the law (Def.'s Motion at 6)—may apply to constitutional claims under the Contracts Clause but does not reflect California contract law. Under clearly established California contract law, "Laws enacted subsequent to the execution of an agreement are not deemed part of [an] agreement unless the language of the agreement clearly indicates that the parties intend to be bound by future laws." Witkin, Summary of California Law, Contracts § 753, p. 844

Plaintiff's Opposition To Motion To Dismiss        4

(10th ed. 2005) (citing *Swenson v. File*, 3 Cal.3d 389, 394-95 (1970).) The California Supreme Court has squarely held that "subsequent changes in the law which impose greater burdens or responsibilities upon the parties [do not] become part of that agreement." *Swenson*, 3 Cal.3d at 393. "Under California law, a contract must be interpreted so as 'to give effect to the mutual intention of the parties as it existed at the time of contracting.'" *Davis v. Woodford*, 446 F.3d 957, 962-963 (9th Cir. 2006) (quoting Cal. Civ. Code § 1636). Here, there is no possible way the parties to Plaintiff's plea agreement could have foreseen the internet, much less intended to be bound by California's decision to reverse its position on confidentiality of sex offender registration records and post those records online.

As noted above, the California Court of Appeals decision in *Arata* is directly on point. In *Arata*, the court held that newly enacted sex offender registration laws could not be applied retroactively because to do so would breach the terms of an earlier plea agreement and violate due process. *Arata*, 151 Cal. App. 4th 786-87. The court held that under California law the criminal defendant and prosecution reasonably believed that the defendant's sex offender registration obligations would be governed by the law in place at the time of conviction, and thus those expectations must be honored. *Ibid.*

### D. Defendant Misconstrues Plaintiff's Plea Agreement

At the time of Plaintiff's plea agreement, Penal Code § 290 subsections (a) and (f) provided that registrants update their registration information only upon changing residences; and subsection (i) provided that information collected as part of the sex offender registration program would be kept "confidential."[1] Brown contends that

---

[1] Defendant contests Plaintiff's characterization of the confidentiality provision in Penal Code § 290(i) in effect at the time of Plaintiff's plea and argues that Penal Code § 290(i) in effect at the time of Plaintiff's plea "does not contain the word 'confidential.'" (Def.'s

Plaintiff's Opposition To Motion To Dismiss     5

Plaintiff's Complaint should be dismissed because the plea agreement made no "express promise" that Plaintiff's registration obligation would be governed by Penal Code § 290 as it existed at the time of the agreement. (Def.'s Motion at 7). Defendant argues further that "the prosecutor had no authority" to agree to hold Plaintiff to the registration rules in effect at the time of his plea. (Def.'s Motion at 7, n.6.) Defendant is mistaken on both points.

First, Plaintiff's plea agreement plainly states that his "maximum penalty" as a result of his conviction included "290 P.C. registration." (Declaration of John Doe, Exhibit A, ¶ 10.) Brown does not contest that "290 P.C. registration" refers to anything other than California Penal Code § 290. Instead, Defendant contends that the agreement includes "no express promise . . . that [Plaintiff] would be excluded from future changes to the registration law." (Def.'s Motion at 7.) However, as discussed above, California contract law clearly provides that parties are presumed to intend to have existing law in mind when forming a contract, *Swenson*, 3 Cal.3d at 393, and that contracts must be read to "give effect to the mutual intention of the parties as it existed at the time of contracting," Cal. Civ. Code § 1636.

Defendant's suggestion that parties to a contract must specifically disavow future amendments to the law in order to avoid those amendment's incorporation into their agreement turns the controlling rule of construction on its head. The California Supreme

---

Motion at 3, n.5.) Defendant is mistaken. The relevant statute reads in full:
> (i) *Confidential* records. The statements, photographs, and fingerprints herein required shall not be open to inspection by the public or by any person other than a regularly employed peace or other law enforcement officer.

[Former] Penal Code § 290(i) (emphasis added).

Plaintiff's Opposition To Motion To Dismiss      6

Court has made clear that "laws enacted subsequent to the execution of an agreement are not ordinarily deemed to become part of the agreement unless its language clearly indicates this to have been the intention of the parties." *Swenson*, 3 Cal.3d at 393. In accord with these principles, the Ninth Circuit has been very specific in the context of interpreting plea agreements: "The prosecution [bears] the risk . . . [of any] change in the relevant substantive law" that may affect the parties' obligations under a plea agreement.

> Because all plea agreements are negotiated against the backdrop that the law can change . . . the prosecution "knew or should have known that comparable changes in the law occur from time to time." The failure of the [government] to [anticipate] . . . a development in the substantive law (or for any other reason) is thus a failure to cover a predictable contingency.

*Transfiguration*, 442 F.3d at 1229.

Brown is also mistaken that contractual obligations in a plea agreement must take the form of a "specific promise." (Def.'s Motion at 7.) Even if Plaintiff's plea agreement is not abundantly clear on its face, California law provides that in the context of enforcing the terms of a plea agreement under the Due Process Clause, "Not all terms of a plea bargain have to be express; plea bargains may contain implied terms." *Arata*, 151 Cal. App. 4th at 787.[2]

Finally, Brown's argument that the prosecutor in Doe's case was unauthorized to agree to hold Plaintiff to the registration rules in effect at the time of his plea (Def.'s Motion at 7, n.6) is both wrong and irrelevant. First, the prosecutor obviously had the power to include a clause in the agreement subjecting it to the provisions of future legislation concerning sex offender registration or confidentiality limitations; he chose

---

[2] According to *Arata*, the question is whether an implicit promise in a plea agreement is "significant in the context of the plea bargain as a whole." *Ibid.*

Plaintiff's Opposition To Motion To Dismiss     7

not to do so, an omission whose consequences are borne by the state. *Transfiguration*, 442 F.3d at 1229. Second, as the Ninth Circuit has repeatedly held, a prosecutor's unauthorized plea offer "may be a problem for the state, but not for [the defendant]." *Poole*, 337 F.3d at 1161; *see also United States v. Anderson*, 970 F.2d 602, 607 ("A unfulfillable promise is no less subject to challenge than one induced by a valid general promise which the government simply fails to fulfill.")

### E. Defendant Cannot Challenge Plaintiff's Factual Allegations

Next, Brown argues that Plaintiff's "allegations are clearly insufficient to show [Plaintiff's] actual reliance on the requirements of § 290 in effect at the time of the plea." (Def.'s Motion at 9.) Quite to the contrary, taking Plaintiff's allegations as true, and viewed in the light most favorable to Plaintiff, as required under Rule 12(b)(6)), Doe's Complaint clearly alleges sufficient facts to establish (1) Plaintiff's reliance on the privacy and registration rules in Penal Code § 290 at the time of his conviction, and (2) that these rules were significant in the context of Plaintiff's plea bargain as a whole. *See Diaz*, 474 F.3d at 1205 (questions of fact may not be resolved under Rule 12(b)(6)); *see also Arata*, 151 Cal. App. 4th at 787 (holding that the Due Process Clause requires enforcement of plea terms that are "significant in the context of the plea bargain as a whole.") [3]

---

[3] Plaintiff has clearly alleged that the promises of confidentiality and limited registration updates, as provided in Penal Code § 290 at the time of his plea, were important to his decision to enter his plea agreement. (Complaint at ¶ 15.) The fact that the prosecution agreed to dismiss other counts charged against Plaintiff at the time of his plea does not mean that protections promised in the sex offender registration laws at the time were not significant to Plaintiff or to the plea bargain as a whole. *See Arata*, 151 Cal. App. 4th at 787; *cf. Castellanos*, 21 Cal.4th at 805 (Kennard, J., concurring and dissenting) ("Public shaming of offenders has long been viewed as a form of punishment."); *People v. Merchand*, 98 Cal. App. 4th 1056, 1062 (2002) ("[Sex offender] registration imposes a substantial burden on the convicted offender.").

### F. Defendant Cannot Absolve His Breach Of Plaintiff's Plea Agreement By Relying On News Reports Of Plaintiff's Conviction

Finally, Defendant argues that Plaintiff's Complaint should be dismissed because "[Plaintiff's] conviction for a sex offense was not confidential; to the contrary, it was apparently published in a newspaper." (Def.'s Motion at 10.) The argument is spurious for at least three reasons.

First, Plaintiff's record of conviction is a matter of public record; however, his photograph and home address are not. The fact that some information about Plaintiff's conviction reached the public many years ago when Plaintiff pled guilty in no way justifies the state's breach of its promise to keep confidential other personal information in its possession. No member of the press is a party to Plaintiff's plea agreement. Plaintiff's confidentiality agreement was with the State of California. Defendant has clearly broken a promise that the private information provided as a result of Plaintiff's conviction "shall not be open to inspection by the public." [Former] Penal Code § 290(i). Two, it is simply ludicrous to compare the inevitable exposure suffered by Plaintiff as a result of his plea–a court record which, while available to the public, is not easily accessed, and a news article published over a decade ago–with that to which Doe is now subjected by the state's breach of its promise of confidentiality. Anyone sitting at one of the millions of computers connected to the internet all over the world who "googles" the Defendant is informed not only of his record of conviction but is immediately provided his address and photograph.

Finally the state is violating Plaintiff's plea agreement by requiring him to register annually, rather than only upon changing his home address. [Former] Penal Code § 290(a), (f). In short, Defendant's suggestion that certain terms in Plaintiff's plea

Plaintiff's Opposition To Motion To Dismiss          9

agreement need not be honored because intervening action by a third party many years ago is frivolous.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

Dated: September 26, 2007              Respectfully Submitted,

                                            Dennis P. Riordan
                                            Donald M. Horgan
                                            Michael S. Romano

                                            RIORDAN & HORGAN


By   /s/  Dennis P. Riordan
              Dennis P. Riordan
              Counsel for Plaintiff

1 **PROOF OF SERVICE BY MAIL -- 1013(a), 2015.5 C.C.P.**

2 **Re:** Doe v. Brown No. C 07-3585 JL

I am a citizen of the United States; my business address is 523 Octavia Street, San Francisco, California 94102. I am employed in the City and County of San Francisco, where this mailing occurs; I am over the age of eighteen years and not a party to the within cause. I served the within:

**Plaintiff's Opposition To Motion To Dismiss**

on the following person(s) on the date set forth below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box at San Francisco, California, addressed as follows:

**Peggy S. Ruffra**
**Supervising Deputy Attorney General**
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

[x] **BY MAIL:** By depositing said envelope, with postage thereon fully prepaid, in the United States mail in San Francisco, California, addressed to said party(ies);

[ ] **BY PERSONAL SERVICE:** By causing said envelope to be personally served on said party(ies), as follows:   [ ] **FEDEX**   [ ] **HAND DELIVERY**

I certify or declare under penalty of perjury that the foregoing is true and correct. Executed on September 26, 2007 at San Francisco, California.

/s/ Jocilene Yue
Jocilene Yue