**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOHN DOE, | ) | No. C 07 3585 JL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDMUND BROWN, | ) | |
| Attorney General of California, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff and Defendant submit the following Joint Case Management Statement, pursuant to Civil Local Rule 16-9 and "Standing Order" concerning Case Management Statements, effective March 1, 2007.

### 1. Jurisdiction and Service

On July 11, 2007, Plaintiff filed a Complaint alleging violations of the United States Constitution and seeking injunctive relief under 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is properly located with this court under 28 U.S.C. § 1391(b). Defendant Brown was properly served by Plaintiff on September 26, 2007. No other parties remain to be served.

### 2. Facts

Plaintiff contends that Defendant, in his official capacity as Attorney General of California, is violating the terms of a plea agreement that Plaintiff entered into over 15 years ago. The plea agreement was submitted under seal as Exhibit A to the Declaration of John Doe. It provides that the "maximum penalty" for Plaintiff's conviction includes the requirement to register as a sex offender pursuant to California Penal Code § 290.

At the time that the plea was accepted and entered, Penal Code § 290 provided, *inter alia*, that individuals required to register as sex offenders update their registration information with officials in person if the individual changed residences. The law also provided that "The statements, photographs, and fingerprints herein required shall not be open to inspection by the public or by any person other than a regularly employed peace or other law enforcement officer."

Penal Code § 290 has since been amended. The law now requires that registrants update their registration information (which includes a photograph and verification of home address) annually, regardless of whether the registrant has changed residences. The registration law also now provides certain information collected during this registration process (including photograph and home address) be posted to a publically available website operated by Defendant.

Defendant is responsible for enforcing Penal Code § 290 and, in so doing, Plaintiff contends that Defendant is breaching the plain terms of his plea agreement and his federal constitutional rights.

### 3. **Legal Issues**

As described at length in Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Prayer For Injunctive Relief, filed July 11, 2007, Plaintiff contends that his right to enforcement of the terms of his plea agreement is guaranteed by the Due Process Clause of the United States Constitution and that he is entitled to an injunction enforcing the plea agreement's terms under settled state and federal authority. *See Santabello v. New York*, 404 U.S. 257, 261-62 (1971); *Buckley v. Terhune*, 441 F.3d 688 (9th Cir. 2006) (en banc); *People v. Arata*, 151 Cal. App. 4th 778, 786 (2007).

As described in Defendant's Motion to Dismiss Complaint, filed August 30, 2007, Defendant contends that (1) Penal Code § 290 does not violate the constitution, *see Smith v. Doe*, 538 U.S. 84 (2003); *Hatton v. Bonner*, 356 F.3d 955 (9th Cir. 2003); *Russell v. Gregoire*, 124 F.3d 1094 (9th Cir. 1997); *In re Alva*, 33 Cal. 4th 254 (2004); *People v. Castellanos*, 21 Cal. 4th 785, 788 (1999); (2) California plea agreements are deemed to incorporate the reserve power of the state to amend the law at any time, *see People v. Gipson*, 117 Cal. App. 4th 1065 (2004); (3) Plaintiff's plea agreement included no express or implied promise that his registration obligation would be governed by Penal Code § 290 as it existed at the time of the agreement; (4) Plaintiff's allegations are insufficient to show Plaintiff's reliance on the requirements of § 290 in effect at the time of his plea; and (5) Plaintiff's plea was not confidential because it was reported by news media at the time.

Plaintiff responds to each of Defendant's arguments in Plaintiff's Opposition to Motion to Dismiss, filed September 26, 2007. Defendant has not yet filed his Reply.

### 4. **Motions**

On August 30, 2007, Defendant moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). This is the first and only motion filed in this matter. It is still pending.

### 5. **Amendment of Pleadings**

No amendments have been proposed.

**6.     Evidence Preservation**

There is no issue of evidence preservation in this case.

**7.     Disclosures**

Fed. R. Civ. P. 26(f) is not applicable here.

**8.     Discovery**

There is no discovery currently at issue in this case.

**9.     Class Action**

This is not a class action.

**10.    Related Cases**

There are no related cases pending before this Court or any other.

**11.    Relief**

Plaintiff seeks an injunction enforcing the terms of his plea agreement.

**12.    Settlement and ADR**

No settlement has been reached in this matter and the parties agree that the ADR process is not applicable.

**13.    Consent to Magistrate For All Purposes**

The parties have consented to having Magistrate Judge James Larson conduct all further proceedings.

**14.    Other References**

This case is not suitable for arbitration or special master.

**15.    Narrowing of Issues**

The issues in this case cannot be narrowed.

**16.    Expedited Schedule**

The parties seek a swift resolution of this matter.

**17.    Scheduling**

A hearing on Defendant's Motion to Dismiss is currently scheduled for Wednesday, November 7, 2007.

**18.   Trial**

It's possible there could be a trial, if it's not disposed of by motion.

**19.   Disclosure of Non-Party Interested Entities or Persons**

No third party has any interest in this matter.

Respectfully submitted,

DATED: Oct. 19, 2007

   /s/ Dennis P. Riordan                 /s/  Peggy Ruffra
DENNIS P. RIORDAN                PEGGY RUFFRA
Attorney for Plaintiff                    Attorney for Defendant
John Doe                                    Edmund Brown