1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  JANET NEELEY
   Deputy Attorney General
5  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
6  State Bar No. 117315
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-7004
    Telephone: (415) 703-1362
8   Fax: (415) 703-1234
    Email: peggy.ruffra@doj.ca.gov
9  Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOHN DOE,** | C 07-3585 JL |
| Plaintiff, | |
| v. | |
| **EDMUND G. BROWN JR., Attorney General of California,** | |
| Defendant. | |

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

Date: Nov. 7, 2007
Time: 9:30 a.m.
Courtroom: F

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  JANET NEELEY
   Deputy Attorney General
5  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
6  State Bar No. 117315
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-1362
8    Fax: (415) 703-1234
     Email: peggy.ruffra@doj.ca.gov
9  Attorneys for Defendant

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOHN DOE,** | C 07-3585 JL |
| Plaintiff, | **REPLY TO OPPOSITION TO MOTION TO DISMISS** |
| v. | Date: Nov. 7, 2007[1] |
| **EDMUND G. BROWN JR., Attorney General of California,** | Time: 9:30 a.m.<br>Courtroom: F |
| Defendant. | |

Plaintiff John Doe has opposed defendant Jerry Brown's motion to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant hereby replies.

**ARGUMENT**

In his complaint pursuant to 42 U.S.C. § 1983, Doe contended that the retroactive application of changes in the sex offender registration law violated his 1991 plea bargain. Defendant moved to dismiss the complaint for failure to state a claim upon which relief could be granted, because in California "contracts are deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good

and in pursuance of public policy." *People v. Gipson*, 117 Cal.App.4th 1065, 1070 (2004).

In his opposition, Doe relies primarily on *People v. Arata*, 151 Cal.App.4th 778 (2007). Plaintiff's Opposition to Motion to Dismiss ("Opp.") at 2-3, 5, 7. That case is clearly distinguishable. Defendant Arata pled guilty in 1996 to one count of child molestation in exchange for the dismissal of the second count and a promise that he would not be sentenced to prison; he ultimately received probation. In 2005, after successfully completing his sentence, he moved to expunge the conviction under Cal. Penal Code § 1203.4. However, in 1997 the California Legislature had excluded child molestation from the list of offenses that could be expunged. The California Court of Appeal determined that the Legislature intended that change to be retroactive. *Id*. at 783-786. The court then addressed whether retroactive application of the new law would infringe on defendant's due process rights as a violation of his plea bargain. First, it held that the possibility of expungement under § 1203.4 constituted an implicit term of the plea bargain. *Id*. at 787. Second, it considered whether the denial of expungement constituted a "'significant' variation in the context of the entire plea bargain." *Id*. The court acknowledged that in *People v. Acuna*, 77 Cal.App.4th 1056 (2000), a different appellate court had rejected the contention that retroactive application of the same law violated Acuna's plea bargain, because expungement was not a provision of Acuna's agreement and Acuna still received a substantial benefit by avoiding a prison sentence. *Arata* at 788. The court distinguished *Acuna* from the case before it, stating:

> In this case we find the implicit promise of section 1203.4 relief was significant in the context of the plea bargain as a whole. It is true that the bargain resulted in the dismissal of one count and avoidance of a prison term. In many cases the importance of these benefits alone will render section 1203.4 relief insignificant. In this case, however, as the court noted at sentencing, it was clear at the outset to the prosecution, the court, the probation department and the doctors that "this was not a state prison case." Thus, the act of clemency in granting probation would be significantly diminished if not accompanied by the eventual reward of section 1203.4 relief.

*Id*. Thus, under the specific circumstances present in *Arata*, there was evidence that probation and therefore the possibility of expungement constituted an implicit and material term of the plea agreement, which accordingly precluded retroactive application of the new law.

Doe repeatedly contends that *Arata* is "directly on point," characterizing it as holding that "newly enacted sex offender registration laws could not be applied retroactively because to do

Reply to Opposition to Motion to Dismiss - C 07-3585 JL

2

so would breach the terms of an earlier plea agreement and due process." Opp. at 5; *see id*. at 2-3 (stating that *Arata* is "the only case to squarely address the question presented here," because it held that "new sex offender registration laws enacted after the defendant had pled guilty could not be enforced because, as here, the defendant in entering his plea had relied in significant degree on the sex offender registration law as they existed at the time of the plea."). This contention is misleading and wrong. *Arata* concerned a change in the *expungement* laws, and had nothing to do with a change in the *sex offender registration* laws. In fact, the *Arata* court noted that "[e]xpungement alone would not relieve defendant of the duty to register as a sex offender." *Arata,* 151 Cal.App.4th at 787-788. Further, the *Arata* court acknowledged that its holding was based on the particular circumstances of that case, and that in the absence of an implicit agreement, retroactive application of a new law would not violate a plea bargain, as was the case in *Acuna*. *Id*. at 788.[1/]

Thus, *Arata* is relevant here only to the extent it discusses general principles of California contract law as applied to plea bargains when a retroactive change in the law occurs. The parties have agreed that federal review of a state defendant's plea agreement is based on state contract law. Plaintiff's Mem. of Points and Authorities at 6-7; Defendant's Notice of Motion and Motion to Dismiss Complaint; Memorandum of Points and Authorities ("Motion to Dismiss") at 6-7. *Arata* stands for the principles that the right to enforce the old law must constitute an express or implied term of the plea agreement, and that the term must be material to warrant such enforcement. *Arata*, 151 Cal.App.4th at 786-787.

As explained in defendant's motion to dismiss, Doe has failed to establish that there was either an express or implied agreement at the time of his plea that the sex offender registration requirement would be frozen to encompass only the law as it existed in 1991. *See* Motion to Dismiss at 6-8. Under California law, in order to interpret a contract the court "must first look to the plain meaning of the agreement's language." *Buckley v. Terhune*, 441 F.3d 688, 695 (9th Cir. 2006) (en banc) (citing Cal. Civil Code §§ 1638, 1644). Doe apparently relies exclusively on the

---

1. While *Arata* clearly is not "directly on point," this precise issue is currently pending in the California Supreme Court in *In re Gerald C. Wade*, No. S148544.

Reply to Opposition to Motion to Dismiss - C 07-3585 JL

3

fact that the change of plea form contained the words "290 P.C. registration" as part of the "maximum penalty." However, the "plain meaning" of that language clearly does not amount to a promise that Doe would be excluded from all future changes in Cal. Penal Code § 290.[2/]

In *People v. Gipson*, 117 Cal.App.4th 1065, the court rejected a similar claim. There, the plea form referenced Cal. Penal Code § 667, which at the time provided that a serious felony conviction could be used in the future only as a 5-year sentence enhancement. Subsequently the statute was amended to permit the use of the conviction as a "strike," which could double the sentence if there were one qualifying conviction. Despite the reference to Cal. Penal Code § 667 in the plea form, the court found no enforceable obligation to limit the use of the conviction to the enhancements available under § 667 at the time of the plea. *Id.* at 1069-1070; *cf. Davis v. Woodford*, 446 F.3d 957, 962 (9th Cir. 2006) (distinguishing *Gipson* because "Here, the plea agreement did not merely incorporate existing law by reference; rather, it included a specific promise [by the prosecutor] about how many prior convictions would be placed in Petitioner's criminal record as a result of the guilty plea."); *Brown v. Poole*, 337 F.3d 1155, 1158 (9th Cir. 2003) (enforceable term of plea bargain arose when prosecutor expressly told defendant on the record at the time of the plea that if she behaved well in prison she was "going to get out in half the time").

Therefore, unlike *Arata*, where the implied agreement was based on the court's statement at the time of the plea, or *Davis* and *Brown*, where the prosecutor made an express statement on the record at the time of the plea, here Doe can point to no circumstance supporting a conclusion that the plea bargain included a promise that his sex offender registration requirements would be governed by the 1991 statute then in existence to the exclusion of any subsequent amendments. And without such evidence of an express or implied promise, retroactive application of a change in a sentencing law did not violate the plea bargain. *People v. Acuna*, 77 Cal.App.4th at 1062. Because there was no express or implied agreement limiting the sex offender registration requirement in this case, there was no violation of the plea bargain as a matter of law.

---

2. Sex offender registration does not constitute "punishment" at all. *Smith v. Doe*, 538 U.S. 84 (2003); *Hatton v. Bonner,* 356 F.3d 955 (9th Cir. 2003); *People v. Castellanos*, 21 Cal.4th 785 (1999).

Even if the language at issue here could be viewed as ambiguous, which we do not believe is reasonable or consistent with *Gipson*, under California law it must then be interpreted "in the sense in which the promisor believed, at the time of making it, that the promisee understood it." *Buckley*, 441 F.3d at 695 (citing Cal. Civil Code § 1649). This inquiry focuses on "the 'objectively reasonable' expectation of the promisee." *Id.* (citing California cases). "'Although the intent of the parties determines the meaning of the contract, the relevant intent is objective — that is, the objective intent as evidenced by the words of the instrument, not a party's subjective intent.'" *Id.* (quoting California case). "This inquiry considers the disputed or ambiguous language in the context of the contract as a whole and of the relevant surrounding circumstances." *Id*. at 698 (citing California case). Accordingly, Doe's allegations that he actually relied on the provisions of Cal. Penal Code § 290 as articulated in 1991 are irrelevant to this inquiry. Viewed objectively, nothing in the language in the change of plea form supports a conclusion that it would be reasonable to believe the plea bargain included an implied term that Doe would be subject only to the 1991 version of § 290 notwithstanding any future changes in the law.

Doe argues that *Gipson* does not control because that case involved the contracts clause instead of the due process clause. Opp. at 3-4. It is true that in *Gipson* the defendant raised a contracts clause challenge to his plea bargain. However, in analyzing that claim the court relied on the same principles of contract law that control here—that plea bargaining in a criminal case results in an agreement between the prosecutor and the defendant, and that the government must fulfill any promise that it expressly or impliedly makes in exchange for a defendant's guilty plea. *People v. Gipson*, 117 Cal.App.4th at 1069. Therefore, this is a distinction without a difference. *See People v. Shelton*, 37 Cal.4th 759, 767 (2006) (California Supreme Court cited *Gipson* for the proposition that "A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles.").

Significantly, the Ninth Circuit has acknowledged that *Gipson* stands for the principle that "in California, contracts (including plea bargains) are 'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws.'" *Davis v. Woodford*, 446 F.3d at 962. The Northern District has recognized the same

principle. *Seiler v. Brown*, No. C 04-2911 PJH, 2007 U.S. Dist. LEXIS 66412, *6-7 (N.D. Cal. Aug. 30, 2007) (in absence of evidence that parole was a term of the plea agreement, the state did not violate the plea bargain as a result of a new law that changed the final decision-maker on whether parole is appropriate from the Board of Prison Terms to the Governor). No court in either the state or federal system has drawn the distinction Doe proposes, or has suggested that *Gipson* does not apply to a challenge to a plea bargain under the due process clause.

Doe also contends that contracts clause claims are distinguishable from due process claims because the former do not implicate the "fundamental liberty interests" involved in a criminal plea agreement. But if that were the case the *Gipson* court would have simply dismissed the contracts clause claim on that ground, instead of addressing it on the merits. And the California Supreme Court would not have relied on *Gipson* in *Shelton*, which addressed the scope of a plea bargain, not the contracts clause. Moreover, for that proposition Doe relies on a Ninth Circuit direct appeal case involving a *federal* plea bargain, *United States v. Transfiguracion*, 442 F.3d 1222 (9th Cir. 2006), which clearly does not govern this California case. *See Buckley v. Terhune*, 441 F.3d at 695 (the interpretation of state plea agreements is a matter of state law).

Doe further attempts to distinguish *Gipson* by characterizing it as "a challenge to a penalty imposed for the commission of a new crime, not, as here, an increase in the burdens imposed on a party for the prior offense underlying the plea agreement in dispute." Opp. at 4. Not so. In *Gipson* the "plea agreement in dispute" clearly was the defendant's earlier 1992 plea bargain, not his current conviction. *Gipson*, 117 Cal.App.4th at 1068 ("According to defendant, his 1992 plea bargain was a contract between the state and him, which the Legislature could not impair by subsequent enactments."). Thus, in *Gipson,* as in this case, the defendant challenged a new law enacted after his plea bargain.

Doe also insists that the rule articulated in *Gipson* that contracts are deemed to incorporate amendments to the law does not reflect California contract law. Opp. at 4. As he did in his complaint, he relies on *Swenson v. File*, 3 Cal.3d 389 (1970). Opp. at 4-7. We have already explained at length why a general statement of commercial law from a 37-year-old case does not govern the inquiry here. Motion to Dismiss at 7. Such an approach would also run afoul of *Davis,*

1  *Seiler, Acuna,* and even *Arata,* which held that the amendment did not apply only because there was
2  an implicit agreement that the old law would apply, *not* because the rule in California is that
3  amendments never apply.  Doe also again relies on *United States v. Transfiguracion*, 442 F.3d at
4  1229, Opp. at 7, but federal law does not control this inquiry.

5        Accordingly, for all the reasons set forth above, it is clear that Doe's plea bargain did
6  *not* include an express or implied promise that the sex offender registration requirement would
7  exclude any changes in the law.  However, even if it did, the next question is whether Doe's plea
8  was induced by such a promise.  *See Davis*, 446 F.3d at 960-961 ("The question before us is whether
9  the state promised Petitioner that he would have only one prior conviction on his record and, if so,
10  whether Petitioner's guilty plea was induced by that promise," citing *Mabry v. Johnson*, 467 U.S.
11  504, 509-510 (1984)); *People v. McClellan*, 6 Cal.4th 367, 378 (1993) (upholding sex offender
12  registration requirement even though defendant was not advised of it at all at the time of the plea,
13  because he failed to demonstrate that he would not have entered the plea had the trial court given
14  a proper advisement).  "What induced the guilty plea is an objective inquiry."  *Davis* at 961-962.[3/]

15        Here, by pleading nolo contendere to one count of felony child molestation in
16  exchange for a maximum period of incarceration of one year in county jail, Doe avoided the
17  substantial prison sentence that could have resulted from his conviction of all six charged counts of
18  child molestation.  He also became eligible for eventual expungement of the conviction under Cal.
19  Penal Code § 1203.4.  The California courts have acknowledged that such benefits alone usually
20  constitute the inducement to accept a plea bargain.  *See People v. Arata*, 151 Cal.App.4th at 788
21  (where defendant pled guilty to one count of child molestation in exchange for the dismissal of a
22  second count and avoidance of a prison term, "the importance of these benefits alone" usually
23  refutes defendant's claim of reliance on the possible future expungement of conviction as an implied
24  material term of plea bargain); *People v. Acuna*, 77 Cal.App.4th at 1062 ("Even without
25  expungement Acuna received a substantial benefit from his plea bargain by avoiding a prison

---

28      3.  Doe criticizes defendant for disputing Doe's factual allegations.  Opp. at 8.  We contend only that his allegations fail to meet this objective test.

Reply to Opposition to Motion to Dismiss - C 07-3585 JL

sentence."). In light of the significant and real benefits afforded to Doe as a result of the particular plea bargain in his case, it is not objectively reasonable to believe that he was induced to enter his plea in this case because he wanted to ensure his privacy under the existing sex offender registration law and wanted to avoid re-registering unless he moved.[4]

Finally, it is important to acknowledge that the ruling in this case could have widespread impact. If the Court construes the plea bargain to encompass an implied agreement to exclude future amendments to § 290 simply because it was referenced in the plea form, a large number of sex offenders would likely meet such a broad test. However, that construction would clearly thwart the purpose of the statute requiring internet posting of sex offender registration, which "has a legitimate nonpunitive purpose of 'public safety, which is advanced by alerting the public to the risk of sex offenders in their community.'" *Smith v. Doe*, 538 U.S. at 102-103. Thus, denying defendant's motion would serve to make the public less safe from sex offenders and frustrate the clear intent of the California Legislature that the internet posting provision should apply retroactively.

---

4. We had not yet obtained the 1991 version of Cal. Penal Code § 290 when we filed the motion to dismiss. Doe correctly points out that that version of the statute did contain the word "confidential," in the heading to § 290(i). To the extent Doe claims he relied on the heading of a statute when he accepted the plea bargain, that assertion is not objectively reasonable.

**CONCLUSION**

Defendant respectfully requests that the Court grant the motion to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated:  October 24, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

JANET NEELEY
Deputy Attorney General

 /s/  PEGGY S. RUFFRA
Supervising Deputy Attorney General

Attorneys for Defendant

1. On October 5, 2007, the parties stipulated to change the hearing date to November 7, 2007, which also changed the due date of this reply.

PSR/cfl
SF2007401831
20110700.wpd

Reply to Opposition to Motion to Dismiss - C 07-3585 JL

9

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **John Doe v. Edmund G. Brown, Jr.**

No.:   **C 07-3585 JL**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 24, 2007, I served the attached REPLY TO OPPOSITION TO MOTION TO DISMISS   by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Michael S. Romano, Esq.
Dennis P. Riordan, Esq.
523 Octavia Street
San Francisco, CA  94102

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 24, 2007, at San Francisco, California.

|     Carmelita F. Limaco     |     /s/     |
| :---: | :---: |
| Declarant | Signature |

20110704.wpd