1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  State Bar No. 117315
     455 Golden Gate Avenue, Suite 11000
6    San Francisco, CA 94102-7004
     Telephone: (415) 703-1362
7    Fax: (415) 703-1234
     Email: peggy.ruffra@doj.ca.gov
8  Attorneys for Defendant

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOHN DOE,** | C 07-3585 JL |
| Plaintiff, | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | |
| **EDWARD G. BROWN JR., Attorney General of California,** | |
| Defendant. | |

   This is to inform the Court that, in addition to the authorities also cited in the motion to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6) and the reply to plaintiff's opposition, defendant will also rely on *Oberg v. Carey*, No. C 04-5446 PJH, 2007 U.S. Dist. LEXIS 21347, *12-16 (N.D. Cal. 2007). On October 30, 2007, the District Court amended the order denying the petition for writ of habeas corpus in *Oberg* to delete the designation "Not For Citation." Accordingly, that order may now be cited. *See* Civil L.R. 3-4(e).

   In *Oberg*, the District Court rejected petitioner's claim that his plea bargain was breached as a result of a change in the law. Oberg pled guilty in 1980 to two counts of burglary. At that time, Cal. Penal Code § 667 provided that each burglary conviction could be used in the future only as a 5-year sentence enhancement. In 1994, the statute was amended to allow the two burglary

convictions to be used as "strikes" to impose a sentence of 25 years to life. Oberg argued that his 1980 plea agreement "locked in California law as it was at that time." 2007 U.S. Dist. LEXIS at *14. The District Court held that, in the absence of any indication that the prosecutor had promised that Oberg would not be subject to future changes in the law, no breach occurred. Under California contract law, plea bargains are "'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws.'" *Id*. at 15 (quoting *People v. Gipson*, 117 Cal.App.4th 1065, 1070 (2004)). The District Court noted that the Ninth Circuit had recognized this principle of California law in *Davis v. Woodford*, 446 F.3d 957, 962 (9th Cir. 2006). The District Court concluded:

> The claim thus is exactly that rejected in *Gipson,* and recognized as unavailing in *Davis* that the plea bargain incorporated existing law and could not be varied by later changes in the law. No promise was made that he would not receive a sentencing enhancement for subsequent crimes and *Gipson* and *Davis* establish that there is no implied incorporation of the law as it was at the time of the plea bargain. Because plea bargains are interpreted according to the law of the state in which they are reached, *see Ricketts,* 483 U.S. at 6 n.3, and California contract law incorporates the state's reserve power to amend the law, petitioner's contention that application of current law to him at his sentencing violated his plea bargain is incorrect, and his due process rights were not violated.

*Id*. at *16. Accordingly, *Oberg* supports defendant's contention that *Gipson* reflects the controlling state law on the issue presented here.

Dated:  November 1, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General


/s/  PEGGY S. RUFFRA
Supervising Deputy Attorney General

Attorneys for Defendant

PSR/cfl
SF2007401831
20111827.wpd

Notice of Supplemental Authority - C 07-3585 JL

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:   **John Doe v. Edmund G. Brown, Jr.**

No.:   **C 07-3585 JL**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>November 1, 2007</u>, I served the attached   NOTICE OF SUPPLEMENTAL AUTHORITY by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Michael S. Romano, Esq.
Dennis P. Riordan, Esq.
523 Octavia Street
San Francisco, CA  94102

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 1, 2007, at San Francisco, California.

|  Carmelita F. Limaco  |  /s/  |
| :---: | :---: |
|  Declarant  |  Signature  |

20111828.wpd