# RIORDAN & HORGAN

ATTORNEYS AT LAW
523 OCTAVIA STREET
SAN FRANCISCO, CALIFORNIA 94102
TELEPHONE (415) 431-3472
FAX (415) 552-2703

DENNIS P. RIORDAN
DONALD M. HORGAN

E-MAIL: INFO@RIORDAN-HORGAN.COM

January 16, 2008

Honorable James Larson
Chief U.S. Magistrate Judge
U.S. District Court - Northern District
450 Golden Gate Avenue
San Francisco, CA 94102

        Re:    *Doe v. Brown* No. C 07-3585 JL

Dear Judge Larson,

        At this morning's hearing, you requested a information concerning certification of questions state law to the California Supreme Court.

        According to California Rule of Court 8.548(a), the California Supreme Court may review a question presented by "the United States Supreme Court, a United States Court of Appeals, or the court of last resort of any state, territory, or commonwealth." It therefore appears that questions may not be certified by federal district courts.

        In addition, at this morning's hearing, counsel for Defendant Brown for the first time submitted supplemental authority, *Burleson v. Kernan*, No. C 05-1263 SI (N.D. Cal, 2007 WL 3478432), denying a *pro se* federal habeas petition claiming that the state breached the term of a prior plea agreement by subjecting the petitioner to new laws not in effect at the time of his plea. We comment on that newly cited authority:

        *Burleson* is in the line of cases involving application of California's Three Strikes law and is distinguishable from the instant matter for the reasons discussed this morning. Indeed, *Burleson* recognizes the very distinction between a new law applied as a result of defendant's prior plea agreement versus a new law applied as a consequence of the defendant's new criminal conduct. As the district court explained, "Burleson's arguments that rely on the contractual nature of the old plea agreements fail because he conceded that the possibility of future use of the conviction was not part of the plea agreements." In the instant matter, Penal Code § 290 referenced in Plaintiff's 1991 plea agreement did address the future consequence of his

conviction – *i.e.* that he would be required to register as a sex offender for the rest of his life but that the information he provided as a result of that registration would remain confidential.

Please let me know if I can be any further assistance.

Sincerely,

DENNIS P. RIORDAN

DPR/jy

cc:    Peggy Ruffra
       Supervising Deputy Attorney General
       455 Golden Gate Avenue, Room 11000
       San Francisco, CA 94102