1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   John Doe,                              No. C 07-3585  JL

12              Plaintiff,

13        v.                                **ORDER DENYING DEFENDANT'S
                                            MOTION TO DISMISS PURSUANT TO
                                            FRCP 12(b)(6)**
14   Edmund Brown, et al.,

15              Defendants.
     _____/

16                        **INTRODUCTION**

17        As stated below, motions to dismiss for failure to state a claim are viewed with

18   disfavor, and the Ninth Circuit reports are replete with cases reversing trial court orders

19   dismissing complaints without adequate consideration of the constellation of hypothetical

20   facts which could be developed through discovery and adjudicated on a motion for

21   summary judgment or trial.

22        The case at bar is an extremely close one, because this Court, by virtue of

23   attachments to the complaint, has before it the actual plea agreement signed by the parties

24   to the state court prosecution in 1991 and Plaintiff's declaration reflecting his thought

25   process at the time.

26        The parties in the instant matter have not cited a case which is directly on point, but

27   only various pronouncements of a general nature, including that "contracts are deemed to

28

United States District Court
For the Northern District of California

**United States District Court**

For the Northern District of California

1  incorporate and contemplate not only the existing law but the reserved power of the state to

2  amend the law or enact additional laws for the public good and in pursuant of public policy,"

3  do not resolve this matter.

4      It is notable that all three courts of significant review to this Court - - United States

5  Supreme Court, the U.S. Court of Appeals for the Ninth Circuit, and the California Supreme

6  Court - - have found that the 1994 and 1996 amendments to California Penal Code §290,

7  which make available to the public the information about sex offenders, both past and

8  present, constitute merely civil regulatory schemes which do not violate the *ex post facto*

9  clause of the United States Constitution.

10     However, that does not end the inquiry initiated by the complaint in this matter.  This

11  Court must determine whether or not an express or implied promise was made to the

12  plaintiff at the time he entered his plea of *nolo contendere,* that his registration information

13  would remain confidential, and whether his expectation in that regard was essential to his

14  decision to plead.

15     The cases cited by Defendant Brown make clear that this Court's obligation goes

16  beyond the four corners of the complaint and its attachments in spite of any predictions as

17  to the ultimate outcome of the case.

18  **STANDARD FOR DISMISSAL PURSUANT TO FRCP 12(b)(6)**

19     Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely

20  granted.  *Gilligan v. Jamco Develop. Corp.*, 108 F. 3d 246, 249 (9th Cir. 1997).  In the rare

21  event in which a motion to dismiss is granted, a district court's denial of leave to amend is

22  reviewed for abuse of discretion. See *In re Vantive Corp. Sec. Litig.*, 283 F. 3d 1079, 1097

23  (9th Cir. 2002).

24     A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the

25  complaint.  The court must decide whether the facts alleged, if true, would entitle plaintiff to

26  some form of legal remedy. Unless the answer is an unequivocal "no," the motion must be

27  denied. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), modified by decision in *Bell Atlantic*

28  *Corp. v. Twombly* 127 S.Ct. 1955, 1969 (2007)(rejecting "no set of facts" language and

**United States District Court**
For the Northern District of California

1  requiring instead a " 'reasonably founded hope that the [discovery] process will reveal

2  relevant evidence' " to support the claim. (Internal citations omitted)

3       Thus, a Rule 12(b)(6) motion is appropriate only where there is either a "lack of a

4  cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal

5  theory." *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1988).  "A suit should

6  not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that

7  would make out a claim."  *Hearn v. R.J. Reynolds Tobacco Co.*, 279  F. Supp. 2d 1096,

8  1000 ( D. Ariz. 2003).

9       In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the

10  light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.

11  The court must determine whether plaintiff can establish any set of facts to support a claim

12  that would merit relief (*Cahill v. Liberty Mut. Ins. Co.* 80 F.3d 336, 337- 338 (9th Cir. 1996))

13  and a complaint can only be dismissed if appears to a certainty that the plaintiff would not

14  be entitled to relief under any set of facts that could be proved.  *Plaine v. McCabe*, 797

15  F.2d 713, 723 (9th Cir. 1986).

16       In *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) the Supreme Court  recently

17  held that a complaint need only give the defendant notice of a claim and the grounds upon

18  which it rests.  The Court observed that the allegations of harm by a pro se prisoner plaintiff

19  were sufficient under that long-established standard. *Id.*

20                                    **ANALYSIS**

21  **Retroactive Application of Provisions of the amended Sex Offender**

22  **Registration Statute do not violate the Ex Post Facto Clause or the Due**

23  **Process Clause of the U.S. Constitution because registration as a sex offender**

24  **is not punishment, but is a civil regulatory scheme.**

25       The mere fact that the rules changed regarding publication of Doe's sex offender

26  registration information is not a deprivation sufficient to violate Doe's constitutional rights.

27  Registration as a sex offender is not a punishment, for purposes of the Ex Post Facto

28  Clause or the Due Process Clause, per the U.S. Supreme Court decision in *Smith v. Doe*,

**United States District Court**
For the Northern District of California

1    538 U.S. 84 (2003), the Ninth Circuit decision in *Hatton v. Bonner*, 356 F.3d 955 (9th Cir.

2    2004), and the California Supreme Court decision in *People v. Castellanos*, 21 Cal.4th 785

3    (1999).

4        However, Plaintiff's case rests on a different doctrine - - that under principles of

5    contract law, it would violate his right to due process to deny him any benefit implied or

6    expressed in his plea agreement.  There is no Federal or California Supreme Court case

7    directly on point.

8                                    **Background**

9        The specifics of the charges against John Doe ("Doe") are in Defendant's motion to

10   dismiss, filed under seal. Doe agreed to plead *nolo contendere.* In exchange, Doe agreed

11   to register as a sex offender under the terms of his plea agreement. The plea agreement

12   invoked Cal. Penal Code §290, which provided the terms of Doe's registration obligation.

13   The parties agreed that these were the terms of Doe's registration obligation. At the time of

14   Doe's plea, Penal Code §290 provided that Doe was required to register only once with

15   state officials, unless he changed his residence, in which case he would update his

16   registration information with his new address. He was not required to update his registration

17   annually. At the time of Doe's plea, Penal Code § 290 also provided that the information

18   that  Doe provided to authorities as a result of his registration obligation, including his

19   photograph and home address, would remain confidential.

20       Doe contends that at the time of his plea, no one could possibly have imagined that

21   his confidential registration information could be distributed to almost every computer in the

22   world, instantaneously, or that he would be required to re-register with authorities every

23   year, even if he did not change his home address. Doe claims that Defendant has

24   breached the terms of the plea agreement - - and continues to do so - - by requiring that

25   Doe update his registration annually and by failing to keep his registration information

26   confidential.

27       Doe seeks the following relief:

28

(1)    A permanent injunction providing for specific performance of Doe's plea agreement, including enforcement of the penalties and obligations that the parties agreed to at the time of the plea. In particular, Doe seeks an order (a) barring enforcement of any requirement that Doe update his registration annually (unless he changes his residence) and (b) barring Defendant from publicly disclosing, in any form, Doe's confidential sex offender registration information.

(2)    Attorney's fees and costs.

(3)    Any other relief deemed appropriate by this Court.

### *People v. Arata*

Both sides rely on the *Arata* decision, by the Third District State Court of Appeal. At first glance it favors Doe's position, but it is not a well-reasoned decision, and it is only a California Court of Appeal case. It misstates the U.S. Supreme Court's analysis in *Santobello* on an important point - - whether the term of the plea agreement is "significant" to the defendant's decision to plead. It also contradicts *Acuna*, a decision by the Second District Court of Appeal, which it cites, in which the court comes to the exact opposite conclusion on the due process question.

Doe misstates the holding in *Arata*. He says "the California Court of Appeal held that new sex offender registration laws enacted after the defendant had pled guilty could not be enforced because, as here, the defendant in entering his plea had relied in significant degree on the sex offender registration laws as they existed at the time of the plea."

In fact, the Court of Appeal agreed that Mr. Arata had *the right to expungement of his conviction* following successful completion of probation, even after that right had been removed by statute, because he had relied on the right of expungement in entering into a plea agreement. The distinction is that his having a criminal record was punishment and the terms of his plea agreement addressed a modification of the punishment imposed for his crime. Being required to register as a sex offender is not punishment, but is a regulatory requirement. *Smith v. Doe* 538 U.S. 84, 123 S.Ct. 1140 (2003).

**United States District Court**
For the Northern District of California

1    Here is the holding in *Arata:*

2        Defendant appeals from denial of his motion to expunge (Pen.Code, §
3        1203.4) his conviction for committing a lewd or lascivious act upon a child
         (Pen.Code, § 288, subd. (a); all further unspecified statutory references are to
4        the Penal Code). He contends it violates due process to apply the provision,
         enacted after his conviction, that makes relief under section 1203.4
5        unavailable to one convicted of a violation of section 288 because he entered
         into the plea agreement in reliance on the relief available under section
6        1203.4. We agree and reverse.

7        *People v. Arata* 151 Cal.App.4th 778, 781 (2007)

8    The State Court of Appeal also found:

9        It is settled that "when a plea rests in any significant degree on a promise or
10       agreement of the prosecutor, so that it can be said to be a part of the
         inducement or consideration, such promise must be fulfilled." ( Santobello v.
11       New York (1971) 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 433.)
         The Supreme Court has recognized that due process requirements apply not
12       only to the taking of the plea, but also to implementation of the bargain. (
         People v. Mancheno (1982) 32 Cal.3d 855, 860, 187 Cal.Rptr. 441, 654 P.2d
13       211 [specific performance of omitted term of plea bargain calling for
         diagnostic study].) "It necessarily follows that violation of the bargain by an
14       officer of the state raises a constitutional right to some remedy." ( Ibid.) "This
         does not mean that any deviation from the terms of the agreement is
15       constitutionally impermissible." ( People v. Walker (1991) 54 Cal.3d 1013,
         1024, 1 Cal.Rptr.2d 902, 819 P.2d 861, original italics.) Rather, the variance
16       must be " 'significant' in the context of the plea bargain as a whole to violate
         the defendant's rights." ( Ibid.; Santobello v. New York, supra, 404 U.S. at p.
17       262, 92 S.Ct. 495.)

18       *People v. Arata* 151 Cal.App.4th 778, 786-787 (2007)

19   When one looks at the *Santobello* case, on which the court in *Arata* relied, it

20   becomes clear that the citation in *Arata* is not precise as to the requirement of

21   "significance." In the *Santobello* case the promise made to the defendant before his plea

22   agreement was broken even before sentencing:

23       At this appearance, another prosecutor had replaced the prosecutor who had
24       negotiated the plea. The new prosecutor recommended the maximum one-year
         sentence. In making this recommendation, he cited petitioner's criminal record and
25       alleged links with organized crime. Defense counsel immediately objected on the
         ground that the State had promised petitioner before the plea was entered that there
26       would be no sentence recommendation by the prosecution. He sought to adjourn the
         sentence hearing in order to have time to prepare proof of the first prosecutor's
27       promise. The second prosecutor, apparently ignorant of his colleague's commitment,
         argued that there was nothing in the record to support petitioner's claim of a

28

1  promise, but the State, in subsequent proceedings, has not contested that such a
   promise was made.

2

3      *Santobello v. New York,* 404 U.S. 257, 259 (1971)

4  What the Court said in *Santobello*, with respect to "significance"  is:

5

6      This phase of the process of criminal justice, and the adjudicative element inherent
       in accepting a plea of guilty, must be attended by safeguards to insure the defendant

7      what is reasonably due in the circumstances. Those circumstances will vary, but a
       constant factor is that when a plea rests in any significant degree on a promise or
       agreement of the prosecutor, so that it can be said to be part of the inducement or

8      consideration, such promise must be fulfilled.

9      *Santobello, Id.* at 262

10     The Court was saying that if the prosecutor made a promise, which obtained the

11 defendant's guilty plea, that promise must be kept. In that instance the second prosecutor

12 completely ignored the express promise made by the first prosecutor that there would be

13 no sentencing recommendation by the state, and instead recommended the maximum one-

14 year sentence.

15     The court in *Arata* also cited *Acuna* in its analysis of whether the promise of relief in

16 the defendant's plea bargain was significant in the context of the plea bargain as a whole.

17 The California Court of Appeal decision in *Acuna* actually is counter to the decision in

18 *Arata*. In the *Acuna* case another district of the court of appeal affirmed a finding that a

19 defendant could not enforce a plea bargain which permitted him to expunge his conviction

20 for lewd conduct with a child after the law was changed to preclude such an expungement.

21 The court held:

22     Here we hold that a defendant who has been denied expungement of his conviction
       by an amendment to the Penal Code enacted after he pled guilty has not been

23     subjected to an ex post facto law; nor does the application of the amendment violate
       section 3; nor has he been denied due process, equal protection or the benefit of his

24     plea bargain. We affirm.

25     *People v. Acuna,* 77 Cal.App.4th 1056 (2000)

26     Significantly to the case at bar, the court in *Acuna* found that the denial of this term

27

28 of the plea bargain also did not violate the defendant's constitutional right of due process.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  **Plaintiff has stated a cognizable legal theory.  It is possible to hypothesize**

2  **facts which would make out a claim.**

3  Several of the cases cited and discussed by Defendant Brown indicate that it would

4  be improper to grant the motion to dismiss without allowing Plaintiff Doe to develop more

5  facts in support of his claim.

6  The court in *People v. Arata*, *supra*, for example, apparently considered all of the

7  facts and circumstances of the defendant's plea agreement and subsequent court

8  proceedings.  In *Davis v. Woodford,* 446 F.3d 957 (9th Cir. 2006), the court included in its

9  analysis statements by the prosecutor at the time of the plea and whether or not promises

10  made "played a role in petitioner's decision to plead guilty." *Id.* at 959.  Defendant herein

11  quotes the following language:

12  "This is an unusual case, in that the prosecutor made a specific promise about the

13  number of "priors" that would go on petitioner's criminal record as a result of pleading guilty.

14  Giving effect to the plea agreement means, simply, treating the 1986 conviction as a single

15  strike under the three strikes law."

16

17  In *People v. Acuna*, Defendant Brown points out that in that "It is clear that there was

18  no *express* promise," that petitioner would be excluded from future changes to the

19  registration law.  While no express or implied promise appears in the plea agreement

20  attached to the complaint in the instant case, nor is such an express agreement mentioned

21  in the complaint, it is not clear that further facts could not be developed.  In *Buckley v.*

22  *Terhune*, 441 F.3d 688 (9th Cir. 2006), the court referred to promises made by the

23  prosecutor which were found to be "ambiguous." *Id.* at 691. Presumably, this conclusion

24  was based on findings of fact. In *Brown v. Poole*, 337 F.3d 1155, (9th Cir. 2003), the court

25  referred to express statements of the prosecutor on the record at the time of the plea.

26  Such facts, hypothetically, could be developed in the case at bar which would render

27  granting a motion to dismiss premature.

28

United States District Court

For the Northern District of California

1    In *Mabry v. Johnson,* 467 U.S. 504, 509-510 (1984) the Court also referred to

2  statements made by the prosecutor.  In *People v. McClellan*, 6 Cal.4th 367, 378 (1993),

3  cited by Defendant Brown, the court noted that the defendant "failed to demonstrate that he

4  would not have entered the plea had the trial court given a proper advisement."  Thus,

5  Plaintiff in the case at bar should be permitted to present facts pertinent to this issue as

6  well.

7    Defendant Brown urges this Court to find that the promises of the plea agreement

8  were fulfilled, when, "As a result of the plea bargaining, Doe avoided a substantial prison

9  sentence that could have resulted from his conviction of 6 counts of felony child

10  molestation, and became eligible for subsequent expungement of the conviction under Cal.

11  Penal Code § 1203.4."  Defendant's memorandum at page 9.  However, the potential

12  questions of fact are more extensive in this case, including whether Plaintiff also relied on

13  the confidentiality provision of § 290 as it was written at the time of his plea.

14    In short, it is premature to find that Plaintiff Doe has failed to establish that there was

15  either an express or implied agreement at the time of his plea that the sex offender

16  registration requirement would ensure confidentiality of his registration information.

17  Hypothetically, other statements besides the bare recitals in the plea agreement might have

18  been made to the Plaintiff in court at the time of the plea or the sentence or in other

19  circumstances.  In addition, the Plaintiff should be entitled to develop facts which would

20  yield an inference that reliance on the language of § 290 at the time of the plea was

21  material to his decision to accept the plea agreement.

22    It is clear from the cases cited and discussed by counsel for both sides, that the

23  central inquiry is whether or not certain promises were made expressly or implied, even

24  though erroneous.  See, *Brown v. Poole, supra*, at page 1158.  When all of the evidence is

25  adduced, then the Court will determine "the objective intent" of the parties in the contexts of

26  the contract as a whole and the relevant surrounding circumstances.  *Buckley v. Terhune,*

27  *supra,* at 698.  In the event that additional facts are not presented, the Court will consider a

28  motion for summary adjudication.

**CONCLUSION**

For all of the above reasons, Defendant's Motion to Dismiss is denied.  The parties are directed to agree on a date for a Case Management Conference at their mutual convenience.

IT IS SO ORDERED.

DATED: February 22,  2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-3585\Order-Deny-14.wpd

United States District Court
For the Northern District of California